United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41274
Summary Calendar

_____

FORMAL SPECIALISTS LTD.

Plaintiff - Appellee

v.

WILBERT LYONS INC. Etc., ET. AL

Defendants

WILBERT LYONS, INC., doing business as Al's Formal Wear

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-182
--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:*

    Wilbert Lyons, Inc., ("Lyons") appeals from the district court's grant of default judgment and denial of its motion to vacate the default judgment awarded to Formal Specialists. This court has no jurisdiction to review the district court's grant of

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the default judgment because Lyons filed an untimely notice of appeal.  See FED. R. APP. P. 4(a)(1)(A).

For the first time on appeal, Lyons argues that the complaint was confusing and ambiguous as to whether it was named as a party to the lawsuit.  Because Lyons did not raise this issue in the district court in either its motion to vacate or in its subsequent pleadings, this issue will not be addressed for the first time on appeal.  See F.D.I.C. v. Mijalis, 15 F.3d 1314, 1327 (5th Cir. 1994).

Lyons argues that the district court abused its discretion in concluding that its failure to file an answer was willful and intentional.  Lyons argues that its failure to respond was due to attorney error.  Lyons does not renew his arguments that the default judgment should be vacated due to a meritorious defense or because the judgment was procured by fraud.  Accordingly, these arguments are abandoned on appeal.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(deeming argument abandoned on appeal by party's failure to argue the issue in the body of appellate brief).

A district court may set aside an entry of default or default judgment for "good cause" under Federal Rules of Civil Procedure 55(c) and 60(b).  See Lacy v. Sitel Corp., 227 F.3d at 291-92.  This court reviews the denial of such relief for abuse of discretion.  Id.  A determination of intentional failure to

respond is reviewed for clear error.  Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).

The district court did not clearly err in determining that Lyons intentionally failed to answer the complaint.  Lyons received the complaint which warned that an answer was required within 20 days and that a default judgment would be taken if no answer was filed.  See FED. R. CIV. P. 12(a).  Even assuming that counsel drafted an untimely answer for Lyons to file, Lyons did not act expeditiously to cure the default.  See Dierschke, 975 F.2d at 184.  The record reflects that Lyons delayed over nine months from the date of the default judgment to file its motion to vacate the default judgment.  Accordingly, the district court did not abuse its discretion in denying Lyons' motion to vacate the default judgment.  The judgment of the district court is AFFIRMED.